UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD G. LUNDERGAN
    Plaintiff,

v.

EXECUTIVE OFFICE FOR UNITED
STATES ATTORNEYS,

    Defendant.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff Gerald G. Lundergan brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant Executive Office for United States Attorneys ("EOUSA").

**PARTIES**

2. Plaintiff Gerald G. Lundergan is an American citizen and resident of the Commonwealth of Kentucky. Lundergan wholly owns S.R. Holding Company Inc. ("S.R. Holding"), a Kentucky corporation. S.R. Holding does business as Signature Special Event Services, Signature Special Events, Lundy's Special Events, and Emergency Disaster Services. Plaintiff is the father of Alison Lundergan Grimes, who was a candidate in the 2014 United States Senate election in Kentucky.

3. Defendant EOUSA is an executive agency acting as a component of the United States Department of Justice ("DOJ"). EOUSA is responsible for maintaining custody, possession, and

control of records that Plaintiff seeks. EOUSA processes FOIA requests on behalf of individual United States Attorney's Offices. EOUSA is an agency within the meaning of 5 U.S.C. § 552(f).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). Because this action arises under FOIA against an agency of the United States, this Court also has jurisdiction under 28 U.S.C. § 1331.

5. Venue is appropriate in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. This Court has jurisdiction to grant declaratory and further necessary or proper relief under 5 U.S.C. § 552(a)(4)(B) and Federal Rules of Civil Procedure 57 and 65.

7. Plaintiff has exhausted any and all administrative remedies in connection with this FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C)(i), as detailed below.

## FACTUAL ALLEGATIONS

**Plaintiff's FOIA Request**

8. On April 6, 2021, Plaintiff filed a request for records of correspondence, memoranda, investigatory files, and other documents pertaining to him, the federal government's investigation of him, and his contributions and expenditures (whether personally or via his wholly owned corporate entities) to a 2014 U.S. Senate Campaign, namely the Alison Lundergan Grimes campaign. Plaintiff specified the United States Attorney's Office for the Eastern District of Kentucky as the office responsible for the creation or maintenance of those records. A copy of the email acknowledgment of this request, delivered to Plaintiff's counsel, is attached as Exhibit A and is incorporated by reference herein.

9. Plaintiff requested records concerning only himself and entities wholly owned by him, namely S.R. Holding (including S.R. Holding doing business as Signature Special Event Services, Signature Special Events, Lundy's Special Events, or Emergency Disaster Services), and Plaintiff specifically excluded records "for which disclosure could reasonably be expected to interfere with law enforcement proceedings." Subject to those limitations, Plaintiff requested all correspondence (including but not limited to, email correspondence and memoranda) wherein Assistant United States Attorney ("AUSA") Andrew T. Boone, AUSA Kate K. Smith, or AUSA Robert J. Heberle was a sender, recipient, or carbon copy (CC) recipient. Plaintiff also requested all correspondence, investigatory files, or other documents concerning contributions or expenditures to Alison Lundergan Grimes' 2014 U.S. Senate Campaign by Plaintiff or any of Plaintiffs' above-mentioned wholly-owned corporate entities.

10. Plaintiff informed Defendant that he was willing to pay up to $5,000 for the processing of the request and that the request was for personal and not commercial use.

**Defendant's Response to the FOIA Request**

11. On April 6, 2021, Defendant sent Plaintiff's counsel an automated email confirmation assigning request number EOUSA-2021-001742 to Plaintiff's request.

12. Defendant has not otherwise responded to Plaintiff's request, nor has Defendant provided any responsive documents to Plaintiff.

**Plaintiff's Administrative Appeal of Denial of the FOIA Request**

13. On July 14, 2021, Plaintiff filed an administrative appeal of his initial FOIA request. A copy of this appeal is attached as Exhibit B and is incorporated by reference herein.

14. Plaintiff's appeal stated that no records responsive to Plaintiff's request had yet been released to Plaintiff.

15. Plaintiff's appeal again requested release of the responsive records, or at the very least, request of the responsive records with redactions as may be required under 5 U.S.C. § 552.

16. Plaintiff transmitted the appeal by FedEx and it was received by Defendant on July 16, 2021.

**Defendant's Response to Plaintiff's Administrative Appeal**

17. On July 22, 2021, the Office of Information Policy ("OIP") of DOJ sent acknowledgement of Plaintiff's administrative appeal to Plaintiff's counsel, assigning appeal number A-2021-02410. A copy of this acknowledgment is attached as Exhibit C and is incorporated by reference herein.

18. On July 23 2021, OIP notified counsel for the Plaintiff that because "no adverse determination has yet been made by EOUSA, there is no action . . . to consider on appeal." A copy of OIP's letter is attached as Exhibit D and is incorporated by reference herein.

19. To date, despite lapse of the statutory time period for doing so, Defendant has still not made any further determination on Plaintiff's request nor released even one record responsive thereto.

## CLAIM FOR RELIEF

**COUNT I**
**Declaratory Judgment**
**Failure to Produce Records**
**5 U.S.C. § 552(a)(3)(A)**

20. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. FOIA requires that, upon proper request for disclosure of records, an agency "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3).

4

22. The documents referenced in paragraphs 8 and 9, above, are agency records within the EOUSA's control. Plaintiff properly requested production of the said documents. Plaintiff is entitled by law to obtain copies of the said documents. The Defendant has failed to produce the documents in violation of FOIA.

23. Plaintiff requests a declaratory judgment that EOUSA has violated FOIA and that Plaintiff is entitled to receive the documents referenced in paragraphs 8 and 9, above, respectively.

## COUNT II
### Injunctive Relief for Failure to Produce Records Under FOIA
### 5 U.S.C. §§ 552(a)(3)(A) and 552(a)(4)(B)

24. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. FOIA provides this Court with "jurisdiction to enjoin [EOUSA] from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

26. The requested documents are agency records within EOUSA's control. Plaintiff, through counsel, properly requested production of the documents referenced in paragraphs 8 and 9, above. Plaintiff is entitled by law to obtain copies of the said documents. EOUSA has failed to produce the documents, in violation of 5 U.S.C. § 552(a)(3)(A).

27. Plaintiff requests that, pursuant to 5 U.S.C. § 552(a)(4)(B), the Court enjoin EOUSA from withholding the documents referenced in paragraphs 8 and 9, above, and that it order EOUSA immediately to produce the said documents to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gerald G. Lundergan respectfully prays that this Court:

1. Declare that Plaintiff is entitled to receive the copies of the documents requested in Plaintiff's FOIA request number EOUSA-2021-001742 dated April 6, 2021; and that EOUSA violated FOIA by failing to produce any of the requested documents;

2. Order EOUSA to cease withholding from the Plaintiff the documents requested in Plaintiff's FOIA request number EOUSA-2021-001742 dated April 6, 2021, and to produce the said documents immediately;

3. Award reasonable attorney's fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

4. Grant Plaintiff such other and further relief as the Court may deem just and proper.

**Date**: September 28, 2021

Respectfully submitted,

/s/   Kyle Singhal
Kyle Singhal (Bar No. 1601108)
Shon Hopwood (Bar No. 1631420)
Ann Marie Hopwood
HOPWOOD & SINGHAL PLLC
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, DC 20006
(817) 212-9041
kyle@hopwoodsinghal.com

*Counsel for Plaintiff Gerald G. Lundergan*


Kyle Singhal <kylesinghal@gmail.com>

## Request Acknowledgement by EOUSA
1 message

**usaeo.foia.requests@usdoj.gov** <usaeo.foia.requests@usdoj.gov>  Tue, Apr 6, 2021 at 2:09 AM
To: kyle@hopwoodsinghal.com

```
Dear Gerald Lundergan,

Case Number EOUSA-2021-001742 has been assigned to the request you submitted. In all future correspondence
regarding this request please reference case number EOUSA-2021-001742.

Regards,
EOUSA
```

**Attachment A (Acknowledgment of FOIA Request), Page 1 of 1**

Kyle Singhal
HOPWOOD & SINGHAL PLLC
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, D.C. 20006
(817) 212-9041
kyle@hopwoodsinghal.com

July 14, 2021

**By FedEx No. 7742 5927 8663**
Director, Office of Information Policy
U.S. Department of Justice
441 G St NW, 6th Fl
Washington, DC 20530

  RE:  **FREEDOM OF INFORMATION ACT APPEAL**
      **Case No. EOUSA-2021-001742**
      **Requestor: Gerald G. Lundergan**

To the Director:

  Please find enclosed an appeal of the determination in response to FOIA Case No. EOUSA-2021-001742. The request in this matter was made on April 6, 2021 and acknowledged by email to the undersigned counsel on the same day. Neither counsel nor the Requestor, Gerald G. Lundergan, has received a response with regard to this request, as is required within twenty working days (i.e., by May 4, 2021). This appeal therefore follows and, being filed within 90 days of May 4, 2021, is filed timely.

  Please note that I am transmitting this appeal on behalf of my client, the Requestor, Gerald G. Lundergan. You may direct your responsive correspondence either to me, at the address above, or to the Requestor: Gerald G. Lundergan, 5 Deepwood Dr., Lexington, KY 40505.

Very truly yours,

*/s/ Kyle Singhal*
Kyle Singhal
Counsel for Gerald G. Lundergan

1

HOPWOOD & SINGHAL PLLC

Gerald G. Lundergan
5 Deepwood Dr.
Lexington, KY 40505

July 14, 2021

        RE:    FREEDOM OF INFORMATION ACT APPEAL
               Case No. EOUSA-2021-001742
               Requestor: Gerald G. Lundergan

**By FedEx No. 7742 5927 8663**
Director, Office of Information Policy
U.S. Department of Justice
441 G St NW, 6th Fl
Washington, DC 20530

To the Director:

      This is an appeal of the determination (or lack thereof) as to my FOIA request in Case No. EOUSA-2021-001742. As of today, I have received no response to this request, which I filed on April 6, 2021. For the reasons that follow, I appeal the nondisclosure of responsive records by the U.S. Attorney's Office:

1. On April 6, 2021, I filed a FOIA request in Case No. EOUSA-2021-001742, requesting records of correspondence, memoranda, investigatory files, and other documents pertaining to me, the federal government's investigation of me, and my contributions and expenditures to a 2014 U.S. Senate Campaign. Specifically, I requested the following:

    (1) All correspondence (including, but not limited to, email correspondence and memoranda) concerning Gerald G. Lundergan wherein Andrew T. Boone is a sender, recipient, or carbon copy (CC) recipient.

    (2) All correspondence (including, but not limited to, email correspondence and memoranda) concerning Gerald G. Lundergan wherein Kate K. Smith is a sender, recipient, or carbon copy (CC) recipient.

    (3) All correspondence (including, but not limited to, email correspondence and memoranda) concerning Gerald G. Lundergan wherein Robert J. Heberle is a sender, recipient, or carbon copy (CC) recipient.

    (4) All correspondence, investigatory files, or other documents concerning Gerald G. Lundergan.

    (5) Correspondence, investigatory files, or other documents concerning contributions or expenditures to Alison Lundergan Grimes' 2014 U.S. Senate Campaign ("Alison for Kentucky") that were made by myself

(Gerald G. Lundergan), or by any of the following entities, which are owned by me: S.R. Holding Co., Inc.; S.R. Holding Co., Inc. d/b/a Signature Special Event Services; Signature Special Events; Lundy's Special Events; or Emergency Disaster Services.

2. My request included the following language that narrowed the scope of my request to only those documents concerning myself and entities wholly owned by me, and which specifically excluded items for which disclosure could reasonably be expected to interfere with law enforcement proceedings:

   This is a request only for records maintained by the U.S. Attorney's Office for the Eastern District of Kentucky concerning myself and entities wholly owned by me, Gerald G. Lundergan. This is not a request for records concerning third parties, and this is not a request for records about Alison Lundergan Grimes. I expressly exclude from this request any portions of documents for which disclosure could reasonably be expected to interfere with law enforcement proceedings.

3. My request stated that I was willing to pay up to $5,000.00 for the processing of the request, and that the request was for personal and not for commercial use.

4. Together with my request, I included a certificate of identification, signed under penalty of perjury.

5. My attorney, Kyle Singhal, received an email acknowledging my request on April 6, 2021, and indicating that the case number EOUSA-2021-001742 had been assigned to my request.

6. As of today, no records have been released to me in response to my request, nor have I received any response to my request whatsoever.

7. I anticipate that the agency may invoke 5 U.S.C. § 552(b)(7)(A) ("Exemption 7(A)") as a basis for withholding one or more documents that are subject to disclosure in response to my request. Exemption 7(A) exempts from disclosure "records or information compiled for law enforcement purposes, **but only to the extent** that the production of such law enforcement records or information . . . could reasonably be expected to interfere with law enforcement proceedings." Exemption 7(A), however, does not permit the general nondisclosure of records responsive to my request. *See, e.g.*, *Bevis v. Dep't of State*, 801 F.2d 1386, 1389 (D.C. Cir. 1986) (clarifying that even if documents may have been "compiled for law enforcement purposes," the government must still separately demonstrate "how each . . . category of documents, if disclosed, would interfere" with an investigation); *see also Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1114 (D.C. Cir. 2007) (indicating that the government bears the burden of demonstrating with specificity how the responsive documents "could reasonably be expected to interfere with enforcement proceedings").

8. I request release of the responsive records. At the very least, I request release of the responsive records with redactions as may be required under 5 U.S.C. § 552.

A copy of the USAO's acknowledgement letter, together with the signed certification of identity that I previously submitted, are also attached.

<u>/s/ Gerald G. Lundergan</u>
Gerald G. Lundergan



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

July 22, 2021

kyle@hopwoodsinghal.com

Dear Kyle Singhal, Esq.:

    This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the EOUSA regarding Request No. EOUSA-2021-001742 on 07/16/2021.

    In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2021-02410 . Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

    We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

**Attachment C (Acknowledgment of Appeal), Page 1 of 1**



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Kyle Singhal, Esq.
Hopwood & Singhal, PLLC
Suite 200
1701 Pennsylvania Avenue NW
Washington, DC  20006

Re:  Appeal No. A-2021-02410

Request No. EOUSA-2021-001742

kyle@hopwoodsinghal.com

CDT:MGS

**VIA: Email - 7/23/2021**

Dear Kyle Singhal:

    You attempted to appeal on behalf of your client, Gerald G. Lundergan, from the failure of the Executive Office for United States Attorneys (EOUSA) to respond to your client's Freedom of lnformation Act request for access to records concerning your client.

    Department of Justice regulations provide for an administrative appeal to the Office of Information Policy only after there has been an adverse determination by a component.  See 28 C.F.R. 16.8(a) (2020).  As no adverse determination has yet been made by EOUSA, there is no action for this Office to consider on appeal.

    As you may know, the FOIA authorizes requesters to file a lawsuit when an agency takes longer than the statutory time period to respond.  See 5 U.S.C. 552(a)(6)(C)(i).  However, I can assure you that this Office has contacted EOUSA and has been advised that your client's request is currently being processed.  If your client is dissatisfied with EOUSA's final response, your client may appeal again to this Office.

    This Office has forwarded a copy of your letter to EOUSA.  You should contact EOUSA's Requester Service Center at (202) 252-6020 for further updates regarding the status of your client's request.

    If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

*[signature]*

X_____
Christina D. Troiani,
Associate Chief, for Matthew Hurd, Chief,
Administrative Appeals Staff

**Attachment D (Closure of Appeal), Page 2 of 2**